UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charlie Esters Foley;<br>Charlie Clayton Jackson Foley<br>Charles Codey Foley;<br>Ruby Sierra Foley;<br>Gussie N. Strickland;<br>Jackie R. Strickland;<br>Peggy Strickland Smith;<br>Deldon N. Strickland,<br><br>                           Plaintiffs,<br><br>vs.<br><br>Town of Nichols:<br>Marion County;<br>James C. Little, individually and in his official capacity as Mayor;<br>Emily Johnson, individually and in her official capacity as Town Clerk;<br>Katherine McCormick, individually and in her official capacity as Town Council;<br>Michael Elliott, individually and in his official capacity as Town Council;<br>Tommesenia Floyd, individually and in her capacity as Town Council;<br>John Q. Atkinson, individually and in his capacity as member of Marion County Council;<br>Elosie W. Rogers, individually and in her capacity as member of Marion County Council;<br>Tom Shaw, individually and in his capacity as member of Marion County Council;<br>Allen Floyd, individually and in his capacity as Marion County Council;<br>Milton Troy, individually and in his capacity as member of Marion County Council;<br>Pearly Britt, individually and in his capacity as member of Marion County Council;<br>Elista H. Smith, individually and in her capacity as member of Marion County Council;<br>Pete Rogers, individually and in his official capacity as Marion County Administrator;<br>K. Donald Fling, individually and in his capacity of Building Code Enforcement Officer;<br>Donald Bryant, individually and in his capacity as Building Enforcement Officer;<br>Dennis Floyd, individually and in his capacity as Building Code Enforcement,<br><br>                           Defendants. | **C/A No. 4:09-1217-TLW-TER**<br><br><br><br>**REPORT AND RECOMMENDATION**<br><br>[text begins on following page] |

_____

On July 2, 2009, the undersigned entered an Order (Document # 28) notifying the adult Plaintiffs that they cannot represent the minor Plaintiffs, Charles Codey Foley and Ruby Sierra Foley, in this action. The Order directed Plaintiffs to "apprise the Office of the Clerk of Court whether they have obtained counsel to represent the two minor plaintiffs in this civil action" within thirty-four days of the date of the Order. On October 26, 2009, the undersigned entered another Order (Document # ), giving Plaintiffs an additional 10 days to retain counsel for the minor Plaintiffs. In the Order, the undersigned warned that failure to retain counsel for the minor Plaintiffs would result in a recommendation that their claims be dismissed. To date, no Notice of Appearance has been filed on behalf of the minor Plaintiffs nor has the Court been otherwise informed that counsel has been retained for the minor Plaintiffs.

It is well-settled that minor Plaintiffs cannot proceed in this case without counsel. See, e.g., Cheung v. Youth Orchestra Foundation, 906 F.2d 59, 61 (2nd Cir. 1990) (a non-attorney parent representing himself or herself in a federal court civil rights action is prohibited from representing his or her minor children); Johns v. County of San Diego, 114 F. 3d 874, 876 (9th Cir. 1997) (same); Meeker v. Kercher, 782 F.2d 153 (10th Cir. 1986) (same); and Deving v. Indian River County School Bd., 121 F. 3d 576, 582 (11th Cir. 1997) (same). See also Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 124-25 (2nd Cir. 1998) (relying on the common-law rule against non-attorney parents representing their children pro se in civil suits); Gallo v. United States, 331 F. Supp. 2d 446 (E.D. Va. 2004) (mother may not represent daughter pro se but must retain lawyer); and Pridgen v. Andresen, 113 F.3d 391, 392-93 (2nd Cir. 1997) (pro se litigant may not represent corporation, estate, partnership, or "his or her minor child"), where the Court noted that such limits on pro se

representation "serve the interests of the represented party as well as the interests of adversaries and the court."

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

While it is the guardians of the minor Plaintiffs, not the minor Plaintiffs themselves, who have failed to comply with the Court's orders to retain counsel for the minors, because the settled case law does not allow minor Plaintiffs to represent themselves or to be represented by their parents or guardians, the Court is left with no choice but to dismiss their claims.

Accordingly, it is recommended that the claims brought by the minor Plaintiffs, Charles Codey Foley and Ruby Sierra Foley, be dismissed.

January 12, 2010
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**The parties are directed to the important notice on the attached page.**