UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHARLIE ESTERS FOLEY, et. al, ) | Civil Action No.: 4:09-cv-1217-TLW-TER |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| TOWN OF NICHOLS, et. al, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiffs, who are proceeding pro se, assert numerous claims alleging numerous wrongs in relation to the alleged condemnation of property located in the Town of Nichols, South Carolina. Presently before the Court is Defendants' Motion for Summary Judgment (Document # 80). Because Plaintiffs are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion for Summary Judgment could result in the Motion being granted. No response has been filed.[1]

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the Motion for Summary Judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

---

[1] For the reasons discussed below, dismissal of Plaintiffs's claims is appropriate on the merits. However, dismissal is also appropriate for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

## II.     FACTS[2]

The property at issue (hereinafter the "Foley property") in this action is located at the corner of Highway 76 and Holly Street in the Town of Nichols, South Carolina. Charlie Esters Foley Dep. p. 10, ll. 3-9; p. 41, ll. 18-25.  Plaintiff Charlie Ester Foley possesses a life estate in the Foley property. Id. p. 10, 11. 10-25. Her son, plaintiff Charlie Clayton Jackson Foley, possesses a remainder interest in the property. Id.; see also Charlie Clayton Jackson Foley Dep. p. 7, ll. 13-22. The remaining plaintiffs, Gussie Strickland[3], Deldon Strickland and Peggy Strickland, all of whom are related to each other and to plaintiffs Charlie Esters Foley and Charlie Clayton Jackson Foley, have no ownership interest in the Foley property, but instead claim only an interest in the items of personal property allegedly left inside the structure located on the Foley property. Deldon Strickland Dep. pp. 10, l. 16 - 11, l. 5; Peggy Strickland Smith Dep. pp. 9, l. 22 - 10, l. 12.

At all times relevant to the Complaint, Defendant K. Donald Fling was employed with the Marion County Codes Enforcement Office. K. Donald Fling Aff. ¶ 2; Edwin P. Rogers, Jr. Aff. ¶ 3. The Codes Enforcement Office is charged with the responsibility of enforcing various County codes and ordinances. (Fling Aff. ¶ 2; Rogers Aff. ¶ 3.) In particular, the Codes Enforcement Office is responsible for executing the County nuisance ordinance, see Exhibit 1 (Marion County Nuisance Ordinance), attached to Defendants' Motion, which entails, in part, condemning properties which are unfit for human habitation, pose an unreasonable fire or other risk to human health and safety, or otherwise present a nuisance.  Fling Aff. ¶¶ 2-3; Rogers Aff. ¶¶ 3, 5; see also Exhibit 1. Given

---

[2] These are the facts as set forth in Defendants' Motion for Summary Judgment, which are undisputed by Plaintiffs.

[3] Plaintiff Gussie Strickland is now deceased. Deldon N. Strickland Dep. p. 5, ll. 18-19; Charlie Esters Foley Dep. p. 6, ll. 12-13.

that the Town of Nichols lacked an enforcement official and proper equipment to condemn and clear nuisance structures, the County agreed to perform these tasks for the Town. Rogers Aff. ¶ 4; see also Emily Johnson Aff. ¶ 3.)

In 2003 Fling was notified that there were several properties located in the Town of Nichols which were potential nuisance properties subject to condemnation. Fling Aff. ¶ 5; Johnson Aff. ¶ 4. In October 2003 Fling and the defendant Emily Johnson, then the Town Clerk, drove around the Town looking at the problem properties. See Johnson Aff. ¶ 5.

While driving around, Fling noticed a severely dilapidated structure located on the Foley property. Fling Aff. ¶ 6; Johnson Aff. ¶ 5. The structure on the Foley property was, at one time, a fish store which had been closed for approximately 18-19 years. Charlie Esters Foley Dep. p. 13, ll. 16-20. The store had not been used for anything since that time. Id. p. 15, ll. 8-9; Deldon Strickland Dep. p. 12, ll. 11-18. No one had set foot inside the building since approximately 1995 or 1996. Charlie Clayton Jackson Foley Dep. p. 9, ll. 1-9; Deldon Strickland Dep. pp. 11, l.17 - 12, l.10. In fact, no one had even looked inside of the building since approximately 1999. Charlie Clayton Jackson Foley Dep. p. 9, ll. 10-15; Deldon Strickland Dep. pp. 11, l. 21 - 12, l. 6. The building was not climate controlled, did not receive any vermin or pest control, and had not been repaired since the mid-1990s. Charlie Esters Foley Dep. pp. 14, l. 21 - 15, l. 9 & p. 27, ll. 1-8; Charlie Clayton Jackson Foley Dep. pp. 9, l. 22 - 10, l. 8; Deldon Strickland Dep. p. 12, ll. 16-19. When the fish store closed 18-19 years ago, they "just shut the door and let it stay." Charlie Esters Foley Dep. p. 15, ll. 8-9.

Fling observed that the structure on the Foley property was in an extreme state of disrepair: the roof was at least partially collapsed leaving the interior open to the elements; the siding was battered and split; the building supports appeared to have partially given way; and the property was

overgrown with weeds and vines. Fling Aff. ¶¶ 6-7 & Ex. A; Johnson Aff. ¶ 5. He took photographs of the Foley property bearing out these observations, Fling Aff. Ex. A, and concluded that the Foley property constituted a nuisance subject to condemnation. See id. ¶ 6.

Fling posted the property with a notice of condemnation, and then reviewed county tax records and determined the owner of record of the Foley property to be plaintiff Charlie Esters Foley who resided at 317 Dixon Street, Mullins, South Carolina. Id. ¶¶ 9, 11 & Ex. B. On October 24, 2003, Fling drafted and mailed by certified mail a notice of condemnation to plaintiff Charlie E. Foley at 317 Dixon Street, Mullins, South Carolina 29574, which was, in fact, her proper mailing address. Id. ¶ 10 & Ex. C; Charlie Esters Foley Dep. p. 22, ll. 1-17.

The notice of condemnation advised Ms. Foley that the property constituted a nuisance and was being declared condemned. See Fling Aff. Ex. C. The notice also advised that the condemnation decision could be appealed to the County Board of Adjustments and Appeals, and explained the process for obtaining an administrative hearing. Id.

Ms. Foley was notified of the certified mailing on three different occasions, October 25, November 6 and November 12, 2003, but never retrieved the notice from the post office. See id. ¶ 10 & Ex. C. The notice was, therefore, returned to Fling undelivered. Id. Thereafter, neither Ms. Foley nor any of the other plaintiffs appealed the condemnation or remedied the nuisance. Id. ¶ 12; see also Johnson Aff. ¶ 7; Kathryn McCormick Aff. ¶ 7.

In May 2007, the County finally cleared the structure on the Foley property at no expense to Plaintiffs. Fling Aff. ¶ 12; Donald Bryant Aff. ¶ 7; Dennis Floyd Aff. ¶ 6. At that time, the structure remained in a similarly dilapidated and hazardous condition. Bryant Aff. ¶ 7; Floyd Aff. ¶ 6. County workers did a walk-through of the structure to ascertain whether there was anyone inside or whether there were any potential safety issues prior to clearing, and they found no items of personal property

save a stainless steel sink. Floyd Aff. ¶ 8; Bryant Aff. ¶ 8. Plaintiff Deldon Strickland, who lived nearby, came to the property during demolition and spoke with Defendant Dennis Floyd, whom he knew. Deldon Strickland Dep. p. 13, ll. 9-25; Floyd Aff. ¶ 7. Strickland did not tell the County workers to stop or otherwise object to the demolition. Floyd Aff. ¶ 7; Deldon Strickland Dep. p. 14, ll. 17-24. Additionally, Strickland did not see any of the items of personal property supposedly stored in the structure, nor did he ask to retrieve any of those things. Deldon Strickland Dep. pp. 14, l. 25 - 15, l. 3; p. 16, ll. 2-7.

### III.   STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on

must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV. DISCUSSION

### A.     42 U.S.C. § 1983

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

1.      **Search and Seizure**

Plaintiffs first allege that Defendants searched and seized their property in violation of the Fourth Amendment. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment protects property for which an individual maintains a "subjective expectation of privacy that society recognizes as reasonable." Kyllo v. United States, 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001). A person who voluntarily abandons his property "loses any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence seized from the property." United States v. Leshuk, 65 F.3d 1105, 1111 (4th Cir.1995). The proper test for abandonment is "'not whether all formal property rights have been relinquished, but whether the complaining party retains a reasonable expectation of privacy in the [property] alleged to be abandoned.'" United States v. Stevenson, 396 F.3d 538, 546 (4th Cir.2005) (quoting United States v. Haynie, 637 F.2d 227, 237 (4th Cir.1980)). Determining whether the complaining party retains a reasonable expectation of privacy must be made from the totality of the circumstances. United States v. Ramapuram, 632 F.2d 1149, 1153 (4th Cir. 1980).

Plaintiffs did not live in or otherwise occupy the structure at issue. The structure on the Foley property was, at one time, a fish store which had been closed for approximately 18-19 years. The store had not been used for anything since that time. No one had set foot inside the building since approximately 1995 or 1996. In fact, no one had even looked inside of the building since approximately 1999. The building was not climate controlled, did not receive any vermin or pest control, and had not been repaired since the mid-1990s. When the fish store closed 18-19 years ago, they "just shut the door and let it stay."

Furthermore, the Foley property was in an extreme state of disrepair: the roof was at least

partially collapsed leaving the interior open to the elements; the siding was battered and split; the building supports appeared to have partially given way; and the property was overgrown with weeds and vines. Given the totality of the circumstances, Plaintiffs retained no reasonable expectation of privacy in the subject property. The touchstone of the Fourth Amendment is reasonableness. Pennsylvania v. Mimms, 434 U.S. 106, 108-09 (1977) ("the touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of a particular governmental intrusion of a citizen's personal security'" (quoting Terry v. Ohio, 392 U.S. 1, 19 (1968)); Florida v. Jimeno, 500 U.S. 248, 250 (1991) ("the textual touchstone of the Fourth Amendment is reasonableness"); Wyman v. James, 400 U.S. 309, 317-18 (1971) (only unreasonable government encounters proscribed by the Fourth Amendment). Thus, Plaintiffs claims of a Fourth Amendment violation are without merit.

### 2. Due Process

Plaintiffs also allege that Defendants violated their due process rights guaranteed by the Fourteenth Amendment by failing to notify them of the condemnation prior to demolishing the subject property. The facts in the record reveal otherwise. On October 24, 2003, Fling drafted and mailed by certified mail a notice of condemnation to Plaintiff Charlie E. Foley at 317 Dixon Street, Mullins, South Carolina 29574, which was, in fact, her proper mailing address. Id. ¶ 10 & Ex. C; Charlie Esters Foley Dep. p. 22, ll. 1-17. The notice of condemnation advised Ms. Foley that the property constituted a nuisance and was being declared condemned. See Fling Aff. Ex. C. The notice also advised that the condemnation decision could be appealed to the County Board of Adjustments and Appeals, and explained the process for obtaining an administrative hearing. Id. Ms. Foley was notified of the certified mailing on three different occasions, October 25, November 6 and November 12, 2003, but never retrieved the notice from the post office. See id. ¶ 10 & Ex. C. Fling also

posted a notice of condemnation at the property itself. Id. ¶ 11.

The Due Process Clause of the Fourteenth Amendment "provides merely 'a guarantee of fair procedures – typically notice and an opportunity to be heard.'" Wolf v. Fauquier County Bd. of Superv's, 555 F.3d 311, 323 (4th Cir. 2009) (quoting Mora v. City of Gaithersburg, 519 F.3d 216, 230 (4th Cir. 2008)). The notice and opportunity to be heard must be given "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533 (2004). Notice should be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Memphis Light, Gas and Water Div. v. Craft, 436 U.S. 1, 13, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978). The record reveals that Ms. Foley was given both notice and an opportunity to be heard. Notice was provided through written letter and by posting notice on the property itself. The fact that Ms. Foley and the other Plaintiffs failed to avail themselves of the procedures provided does not amount to a due process violation. See, e.g., Mora v. City of Gaithersburg, MD, 519 F.3d 216, 230 (4th Cir. 2008) (finding that Plaintiff "cannot plausibly claim that Maryland's procedures are unfair when he has not tried to avail himself of them"). Accordingly, Plaintiffs' due process violation claim is without merit and summary judgment is appropriate.

      **B.**      **42 U.S.C. § 1985**

Plaintiffs assert claims of conspiracy under § 1985. To establish such a claim, a plaintiff must prove, by specific evidence, a conspiracy of two or more people motivated by discriminatory animus to deprive a plaintiff of equal rights which results in injury to the plaintiff as the result of an overt act committed in furtherance of the conspiracy. Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). The conspiracy must be proved by concrete facts, not mere allegations. Id. at 1376-77. Plaintiffs have not alleged facts, much less presented concrete facts, sufficient to support a claim of conspiracy

under § 1985. Thus, their § 1985 claims cannot withstand summary judgment.

    **C.    The Civil Rights Act of 1964 and 1965**

It is not exactly clear what claims Plaintiffs are asserting under the Civil Rights Act. Plaintiffs allege that Defendants discriminated against them because of their race by destroying their personal property. Complaint at ¶ 134. They also allege that they "suffered damages in the form of slander per se." Id. at ¶ 150. Regardless of the type of claims Plaintiffs are attempting to assert, they have failed to present sufficient evidence to support these allegations. Therefore, Plaintiffs' claims under the Civil Rights Act fail.

    **D.    Plaintiffs' Remaining Claims**

Plaintiffs' remaining claims–taking of intangible property and violation of separation of powers–are also without merit. Plaintiffs' vague allegations of a taking of "intangible property" and violation of separation of powers are insufficient to give rise to any liability on the part of Defendants and Plaintiffs have failed to submit evidence to support these allegations. Thus, these claims fail as well.

**V.    CONCLUSION**

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 80) be granted and this case be dismissed in its entirety.[4]

                                s/Thomas E. Rogers, III
                                Thomas E. Rogers, III
                                United States Magistrate Judge

January 12, 2011
Florence, South Carolina

              **The parties are directed to the important notice on the following page.**

---

[4] If the district judge accepts this recommendation, all other pending motions will be moot.